**Attorney Debt Reset, Inc.**
Justin K. Kuney, SBN 249283
1300 Ethan Way, Ste. 125
Sacramento, CA 95825
Telephone: 916-446-1791
Facsimile: 916-446-1742

Attorneys for Debtors/Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FILED 2011 MAY 12 PM 3:05 CLERK U.S. DIST. COURT CENTRAL DIST. OF CALIF.

CV. 11 - 04096 VBF (OPx)

| | |
|---|---|
| JEFF SAWYERS, & CHRISTINE SAWYERS, | **COMPLAINT** |
| Plaintiff(s), | **JURY TRIAL DEMANDED** |
| v. | |
| DYNAMIC RECOVERY SERVICES, INC. | |
| Defendant(s). | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the California RFDCPA, California Civil Code § 1788-1788.32 (hereinafter "RFDCPA"); and various common law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiffs JEFF SAWYERS & CHRISTINE SAWYERS (hereinafter "Plaintiff") is/are a natural person(s) who resides in the City of Rancho Cucamonga, County of San Bernadino, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Plaintiff is informed and believes, and thereon alleges that Defendant DYNAMIC RECOVERY SERVICES, INC (hereinafter "Defendant"), is a corporation with a principal business address of 4101 McEwen Rd. Suite 150 Farmers Branch, Texas 75244, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant(s) is/are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is/are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by Cal. Civ.

Code §1788.2 (b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2 (c).

8. This case involves money property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f). These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

9. Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff, or to their attorneys, which are alleged on personal knowledge.

## FACTUAL ALLEGATIONS

10. Sometime before March 2011 Plaintiff JEFF SAWYERS allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, an alleged obligation to WACHOVIA / WELLS FARGO, N.A., said debt was later "charged off" and assigned/sold/consigned to Defendant for collection.

11. Defendant began its collection activity upon Plaintiff on or about March 31 of 2011.

12. On or about March 31, 2011 Plaintiff Christine Sawyers was contacted by an agent/representative of Defendant named 'Mark Russell' on her personal cell phone. Mr. Russell left a message including mentioning a 'civil filing number' and also indicated that he had spoke with 'Ellie Dishaw' (Plaintiff's mother in law), saying "I know I can reach

you in person at the Kentfield address, and this is in regards to an urgent matter regarding your husband.' (Kentfield address is the address of a rental property which belongs to Plaintiff's mother in law).

13. Defendant's indicating a 'civil filing number' in the message left for Plaintiff implied that a lawsuit has been filed against Plaintiff (or Plaintiff's Husband) and/or gave the false impression that Defendant had filed a lawsuit or was somehow involved with the legal system amounts to a violation of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e (3); 1692(f).

14. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692 they also amount to violations of the RFDCPA including, but not limited to, Cal. Civ. Code § 1788.17.

15. Plaintiff Christine Sawyers then called back the number left by Mr. Russell, concerned and upset after the message left by Mr. Russell. Mr. Russell answered at his extension and blurted, "I know your husband works for the railroad, I know where you live, if you don't cooperate were going to garnish your wages."

16. Defendant's threatening to garnish wages, an action only available to those with a valid legal judgment, amounts to a threat to take an action Defendant could not legally take, as well as an attempt to collect on a debt the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and amount to violations of the FDCPA including but not limited to, 15 U.S.C. § 1692(d) and (e).

17. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692 they also amount to violations of the RFDCPA including, but not limited to, Cal. Civ. Code § 1788.17.

18. On or about March 31, 2011, Defendant's agent/employee Mark Russell contacted Plaintiff's mother in law, Ellie Dishaw, on a Mexican phone number and divulges

personal financial information of Plaintiff Jeff Sawyers to Ellie Dishaw. Mr. Russell told Plaintiff's mother-in-law that Plaintiff Jeff Sawyers owed money and that he must pay in an apparent attempt at locating, defaming and embarrassing Plaintiff.

19. Defendant's unauthorized communication with Ellie Dishaw and revelation that Plaintiff Jeff Sawyers owed a debt without Plaintiffs' express authorization amounts to the revelation of the fact that Plaintiff owed a debt and a violation of the FDCPA, including but not limited to, 15 U.S.C. § 1692(b)(2). The revelation of this private financial information also amounts to an intentional invasion of Plaintiff's privacy.

20. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692 they also amount to violations of the RFDCPA including, but not limited to, Cal. Civ. Code § 1788.17.

21. On or about March 31, 2011, Defendant's agent 'Mark Russell' is also believed to have submitted a letter to the original creditor containing false and/or misleading information about both Plaintiffs, including a slanderous and completely fabricated story indicating that Plaintiff's were going through a divorce, that Plaintiffs' 16 month old son had just underwent brain surgery, that Plaintiff Jeff Sawyers worked part-time delivering pizza, and that Plaintiff Christine Sawyers was living with Ellie Dishaw. This letter submitted to the original creditor is believed to have been fabricated in an attempt to somehow convince the original creditor that a lower-amount should be accepted for a potential settlement of this debt.

22. The submission of this letter amounts to an unfair and unconscionable means of collecting on a debt and a violation of the FDCPA, including but not limited to 15 U.S.C. § 1692f. This fabrication also amounts to an invasion of Plaintiff's right to privacy and seclusion.

23. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692 they also amount to violations of the RFDCPA including, but not limited to, Cal. Civ. Code § 1788.17.

24. On or about April 4, 2011, Plaintiff Christine Sawyers telephoned Defendant and requested to speak with Mr. Mark Russell only to learn that he was "no longer gainfully employed" with Defendant and was transferred to another agent of Defendant named 'Jason Tillman' at extension 2293.

25. Defendant's agent Mr. Jason Tillman answered and initially asked for "Ellie," to which Plaintiff Christine Sawyers responded "No, this is Christine." Mr. Tillman then put Plaintiff on hold, and came back on yelling at Plaintiff saying "I'm not your ex-husband, I don't have to deal with you!" and hung up on Plaintiff. Confused, and believing Mr. Tillman was unsure about who he was speaking to, Plaintiff called back and requested to speak with a manager. Plaintiff was then transferred back to Mr. Tillman who indicated that he himself was the manager/supervisor. Mr. Tillman then said "We can just garnish your wages, I know your 16 month old son just had brain surgery on an inoperable tumor, and I know you're getting a divorce and are living with your mother in law." Taken aback, and shocked that Mr. Tillman would know that she even had a young son, Plaintiff asked Mr. Tillman where he got this information. Mr. Tillman responded "It's all in a letter that was submitted to the bank.." (See above for letter submitted by Mark Russell). Plaintiff Christine Sawyers, a wife and mother proud of her family name had been reduced to tears upon learning that Defendant knew about her life and had fabricated stories about her and her family in its attempts to collect on a debt.

26. Mr. Tillman's threat that he could garnish Plaintiffs' wages amounts to a violation of the FDCPA by threatening to take an action which could not presently be legally taken and a

violation of 15 U.S.C. § 1692e. Further, using the fabricated information in an attempt to collect a debt from Plaintiff amounts to an unfair or unconscionable means to collect or to attempt to collect on a debt and is conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in the collection of a debt and a violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692d and 1692f.

27. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692 they also amount to violations of the RFDCPA including, but not limited to, Cal. Civ. Code § 1788.17.

28. Defendant's above-mentioned revelation of family details and confirmation that a letter with the slanderous information had been submitted to the bank also amounts to the an invasion of Plaintiff's privacy, as well as the intentional and/or negligent infliction of emotional distress. Plaintiff's emotional distress was compounded by the fact that her son had recently had surgery (although not brain surgery).

29. Distraught, confused, concerned and emotionally wrecked Plaintiff then asked Mr. Tillman for his company's physical address, and was denied. After pressing Mr. Tillman he eventually said to Plaintiff Christine Sawyers "What, are you going drive to Dallas Texas?" and still refused to give any information about his company.

30. Defendant's agent Mr. Tillman's refusal to disclose information about Defendant's place of business including a physical or mailing address as well as his flippant remarks in regards to his actual location amounts to an unfair or unconscionable attempt to collect on a debt and a violation of the FDCPA including but not limited to 15 U.S.C. § 1692f.

31. All of the aforementioned acts represent various and multiple violations of the FDCPA, including but not limited to the above-cited provisions, and have caused Plaintiff damages.

# CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§ 1788-1788.32

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

37. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in an amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

# COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FACTS TO THIRD PARTY

38. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the **loss of jobs**, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

40. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by revealing to Ellie Dishaw private financial information concerning Plaintiff and revealing that Plaintiff owed a debt and hasn't paid it

41. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by submitting a letter to Wells Fargo/Wachovia as described above revealing private facts concerning Plaintiffs' minor child and indicating that their marriage was coming to an end.

42. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

43. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

44. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

45. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT IV

## INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

47. The foregoing intentional and/or reckless and outrageous conduct of Defendant, fabricating stories about Plaintiffs' personal life and egregious methods of debt collection caused the emotional distress of the Plaintiff.

48. The Conduct of Defendant toward Plaintiff exceeds all bounds of decency usually tolerated by a civilized society.

49. As a direct and proximate result of the intentional, malicious, harmful, unlawful and offensive acts of Defendants, as aforesaid, Plaintiff sustained severe and serious injury to

their persons, including but not limited to severe emotional distress, all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

50. As a result of Defendant's conduct and resulting infliction of emotional distress, Plaintiff is entitled to actual damages in an amount to be determined at trial from each of every Defendant.

## COUNT V

## LIBEL PER SE

51. Plaintiff incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

52. The foregoing intentional, false and unprivileged publication by writing which exposed Plaintiff to hatred, contempt, ridicule or disgrace amounts to libel *per se* and caused the Plaintiff damages, namely Defendant's fabrication of Plaintiffs' minor child having undergone brain surgery, that Plaintiffs' marriage was in a state of disrepair and that Plaintiff Christine Sawyers was living with her mother in law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages of *not less than $175,000.00*, exclusive of fees and costs, as follows:

## COUNT I

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

- An award of statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).
- Such other and further relief as may be deemed just and proper.

## COUNT II

### Violations of the Rosenthal Fair Debt Collection Practices Act

### California Civil Code §§ 1788-1788.32

- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a).
- An award of statutory damages pursuant up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).
- Such other and further relief as may be deemed just and proper.

## COUNT III

### Violations of Plaintiff's Right to Privacy

- An award of actual and punitive damages from each and every defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and Rosenthal FDCPA violations and the intentional and/or negligent invasions of privacy in an amount to be determined at trial for each Plaintiff; and
- For such other and further relief as may be just and proper.

## COUNT IV

### Defendant's Intentional/Reckless Infliction of Emotional Distress

- An award of actual and punitive damages for the severe emotional distress intentionally/recklessly caused by Defendant and in an amount to be determined at trial
- For attorney fees under Welfare & Institutions Code § 15657(a); and
- Costs of suit and for such other and further relief as the court deems proper.

## COUNT V

## Libel Per Se

- An award of general and special damages for the false and published libel of Plaintiff and committed by Defendant in an amount to be determined at trial and pursuant to Cal. Civ. Code § 45a
- Costs of suit and for such other and further relief as the Court deems proper.

## TRIAL BY JURY

- Pursuant to the seventh amendment of the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: May 5, 2011

/s/ [signature]
Justin K. Kuney, Esq.
Attorney Debt Reset, Inc.
Attorneys for Plaintiff

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA   )
                      )
COUNTY OF SAN BERNADINO )
                      )

Plaintiffs, JEFF & CHRISTINE SAWYERS, under penalty of perjury declare as follows:

1. I/WE am/are the Plaintiff in this civil proceeding..

2. I/WE have read the above-entitled civil Complaint prepared by my attorneys and I/WE believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I/WE believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I/WE believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I/WE have filed this civil Complaint in good faith and solely for the purposes set forth in it.

/s/ Christine Sawyers                April 27, 2011
CHRISTINE SAWYERS                    Date

/s/ Jeff Sawyers                     April 27, 2011
JEFF SAWYERS                         Date

-15-

## CIVIL COVER SHEET

**I(a) PLAINTIFFS**
JEFF SAWYERS, & CHRISTINE SAWYERS.

**DEFENDANTS**
DYNAMIC RECOVERY SERVICES, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SBERNADIN
( EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Attorney Debt Reset, Inc.;Justin K. Kuney, SBN 249283
1300 Ethan Way, Ste. 125;Sacramento, CA 95825
Telephone: 916-446-1791

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN x IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multi-district Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 175,000    Check YES only if demanded in complaint:   **JURY DEMAND:** ☒ YES   ☐ NO

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
15 USC 1692, ET SEQ; VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (PENDANT STATE LAW CLAIMS)

**VII. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS |  | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | PROPERTY RIGHTS |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange |  | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety /Health | SOCIAL SECURITY |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | LABOR | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract |  |  | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |
|  | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus/ Other |  |  |
|  | ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |  |
| ☒ 890 Other Statutory Actions |  |  | ☐ 555 Prison Condition |  |  |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ YES ☒ NO
If yes, list case number(s): _____   CV 11 - 04096 VBF (OP)

CV-71 (10/01)                CIVIL COVER SHEET                                              Page 1 of 2
**FOR OFFICE USE ONLY:**   ☐ Pro Hac Vice fee:   ☐ paid   ☐ not paid
                            Applying IFP _____  Judge _____   Mag. Judge _____

MAY 12 2011

CIVIL COVER SHEET
(Reverse Side)

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☐YES ■NO

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:
(CHECK ALL BOXES THAT APPLY)  ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
                              ☐ B. Involve the same or substantially the same parties or property;
                              ☐ C. Involve the same patent, trademark or copyright;
                              ☐ D. Call for determination of the same or substantially identical questions of law, or
                              ☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

   JEFF SAWYER, SAN BERNARDINO COUNTY
   CHRISTINE SAWYER, SAN BERNARDINO COUNTY

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

   DYNAMIC RECOVERY SERVICES, INC., TEXAS

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
NOTE: In land condemnation cases, use the location of the tract of land involved.

   SAN BERNARDINO COUNTY

X. SIGNATURE OF ATTORNEY (OR PRO PER): X _____  Date 5-12-2011

NOTICE TO COUNSEL/PARTIES: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Jeff Sawyers, & Christine Sawyers,
_____
Plaintiff

v.                                    Civil Action No. CV 11 - 04096 VBF (OPx)

Dynamic Recovery Services, Inc.
_____
Defendant

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Dynamic Recovery Services, Inc.
4101 McEwen Rd., Ste 150
Farmers Branch, TX 75244

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Attorney Debt Reset, Inc.
1300 Ethan Way #125
Sacramento, CA 95825

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: MAY 12 2011

TERRY NAFISI
CLERK OF COURT

L. _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:
_____
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**CV11- 4096 VBF (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)　　　NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY