Jeffery J. Carlson, Esq. (SBN: 60752)
carlsonj@cmtlaw.com
Edgar N. De Vera, Esq. (SBN: 198133)
DeVerae@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
DYNAMIC RECOVERY SERVICES, INC.

Justine K. Kuney, Esq. (SBN 249283)
Robert Steve Gimblin, Esq.
Attorney Debt Reset, Inc.
1300 Ethan Way, Suite 125
Sacramento, CA 95825
Tele: (916) 446-1791
Fax: (916) 446-1742

Attorneys for Plaintiffs,
JEFF SAWYERS & CHRISTINE SAWYERS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SAWYERS & CHRISTINE SAWYERS,<br><br>            Plaintiffs,<br><br>vs.<br><br>DYNAMIC RECOVERY SERVICES, INC.,<br><br>            Defendant. | CASE NO. CV11-04096 VBF (OPx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conference: August 15, 2011<br>Time: 9:00 a.m.<br>Judge: Hon. Valerie Baker Fairbank<br>Courtroom: 9 |

COMES NOW Defendant DYNAMIC RECOVERY SERVICES, INC., hereinafter "Defendant") by and through its undersigned attorney and Plaintiffs JEFF SAWYERS & CHRISTINE SAWYERS ("Plaintiffs") through

1

their undersigned attorney jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Court's June 9, 2011 Order Setting Scheduling Conference in this matter.

**1. Disclosures**

The parties do not require any changes to the timing, form or requirement for disclosures under Federal Rules of Civil Procedure Rule 26(a). The parties will exchange the information required by Federal Rules of Civil Procedure 26(a)(1) on or before August 1, 2011.

**2. Discovery**

The parties do not require any limitations on discovery. The parties will meet and confer regarding the terms of a Stipulated Protective Order if necessary. The parties jointly propose to the Court the following discovery plan:

    a)    **All fact discovery will be commenced in time to be completed by February 6, 2012.**

The number of interrogatories, requests for admissions, and requests for production of documents, as well as the number and length of depositions shall be as set forth in the Federal Rules of Civil Procedure.

    b)    **Disclosure of experts under Federal Rule of Civil Procedure 26 (e)(2) due:**

All parties will provide the disclosures required on or before February 13, 2012. Counter-designations of experts will be made on or before March 12, 2012. Expert discovery will be completed by April 2, 2012.

/ / /

3.   **Evidence Preservation**

Plaintiffs and Defendant will preserve relevant evidence, including electronically filed documents.

4.   **Jurisdiction and Service:**

The parties agree that this Court's jurisdiction is based on 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

At this time, Plaintiff is not aware of any additional parties to be served, but asks that the time for service remain open until the completion of discovery.

5.   **Facts:**

**Plaintiffs:**

Plaintiffs alleges that Defendant violated the FDCPA and the RFDCPA while attempting to collect an alleged debt from Plaintiffs. Plaintiffs alleges that Defendant made wrongful disclosures of the debt to a third party, used unfair and unconscionable means to collect a debt, and committed conduct the natural consequence of which was to harass, oppress or abuse Plaintiffs. Furthermore, Plaintiffs allege that Defendant committed various common law torts including invasion of privacy, intentional/reckless infliction of emotional distress, and libel per se. Plaintiff reserves any and all rights to amend complaint should discovery warrant.

**Defendant:**

Defendant denies Plaintiff's allegations. Defendant denies that it committed any violations of the FDCPA or RFDCPA and have a number of defenses as identified in Defendant's Answer to the Complaint.

///

6. **Legal Issues**

   **Plaintiff:**

   Plaintiff alleges Defendant violated the each of the various provisions of the FDCPA and the RFDCPA.

   **Defendant:**

   Defendants denies Plaintiff's allegations.

7. **Motions**

   **Plaintiff:**

   If discovery warrants, Plaintiff anticipates filing a Motion for Summary Judgment.

   **Defendant:**

   If discovery warrants, Defendant anticipates filing a Motion for Summary Judgment.

8. **Amendment of Pleadings**

   Plaintiff does not intend to amend the Complaint at this time. Plaintiff reserves any and all rights to amend complaint should discovery warrant.

9. **Class Action**

   Not at this time.

10. **Related Cases**

    None.

## 11 Relief

Plaintiff seeks relief as follows: $2,000.00 for statutory violations plus any actual damages proved through discovery plus attorney's fees and costs.

## 12. Narrowing of Issues

The parties agree it is premature to attempt to narrow the issues.

## 13. Expedited Scheduling

The Parties do not agree that this case can be handled on an expedited basis.

### Additional Matters the Court's June 9, 2011 Order

## 14. An Appropriate Last Date For The completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date:

The parties propose that the cut-off date for fact discovery be February 13, 2012; the cut-off for expert discovery be April 2, 2012; the last day for the Court to hear dispositive motions be March 26, 2012, a pretrial conference be held on May 7, 2012; and trial by June 4, 2012.

## 15. Whether discovery should be conducted in phases or otherwise ordered or limited:

Discovery should not be conducted in phases or otherwise ordered or limited.

/ / /

/ / /

**16. A preliminary estimate of the time required for trial:**

The parties request a trial by jury. The parties estimate that this case will take approximately 2 days for trial. It is anticipated that the case will be ready for trial by June 4, 2012.

**17. Efforts made to settle or resolve the case to date, and parties' views as to an appropriate plan for maximizing settlement prospect**

The parties are currently engaged in settlement negotiations through their respective counsels and the parties agree to mediation under ADR auspices.

**18. Whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation.**

This case is not complex and does not require reference to the procedures set forth in the Manual on Complex Litigation.

**19. The likelihood of the appearance of additional parties:**

The parties do not attend to add additional parties to this case.

**20. What motions the parties are likely to make that may be dispositive or partially dispositive:**

If discovery warrants, the parties may file motions for summary judgment. Other than that, at this time, the parties do not anticipate filing any dispositive, or partially dispositive motions, although each reserves the right to do so in the unlikely event that the matter is not resolved.

**20. Any unusual legal issues presented by the case:**

None.

06782.00/176254                JOINT RULE 26(f) Report

21. **Proposals regarding severance, bifurcation or other ordering of proof:**

    None at this time.

22. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

    None known at this time.

23. **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

    None know at this time.

24. **Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order:**

    Parties may seek protect orders regarding certain information and documents. If issues regarding specific discovery arises in this regard, the parties will meet and confer to devise an acceptable solution. If the parties cannot agree, they will seek the Court's assistance by way of motion.

25. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None requested at this time.

DATED: July 27, 2011					CARLSON & MESSER LLP


							By:  /s/ Edgar N. De Vera
							      Jeffery J. Carlson
							      Edgar N. De Vera
							      Attorneys for Defendant,
							      DYNAMIC RECOVERY
							      SERVICES, INC.


DATED: July 27, 2011					ATTORNEY DEBT RESET INC


							By:  /s/ Justin Kennth Kuney
							      Justin Kenneth Kuney
							      Steve Gimblin
							      Attorneys for Plaintiffs,
							      JEFF SAWYERS AND
							      CHRISTINE SAWYERS.